# P. J. COSTELLO v. FARMERS BANK OF GOLDEN VALLEY, a Corporation.

(157 N. W. 982.)

**Property owner — leaving excavation unguarded — negligence — what constitutes — legal duty — owing to plaintiff — must appear — breach of such duty.**

1. To constitute negligence of a property owner in leaving an excavation on his premises unguarded, it must appear that such owner owed a legal duty to the plaintiff to thus guard it, and that he is guilty of a breach of such duty.

**Trespasser — license — property owner — owes no duty to — protection from injury — wilful or wanton injury.**

2. A property owner owes no duty to a trespasser or a mere licensee on his premises to protect him from injury, other than to refrain from wilfully and wantonly inflicting injuries to such person.

**Lot — public streets — excavation — guarded by a fence.**

3. Defendant caused a basement to be excavated on its lot, bounded on the north end and east side by public streets. Such excavation was adequately guarded by a fence across the north end and a row or pile of building rock along the east side.

*Held,* that defendant exercised due care to protect persons from injuries, and that it owed plaintiff no duty to place a guard along the south end, no implied invitation having been extended to the public to travel across the lot where the plaintiff was injured.

**Plaintiff — negligence — matter of law — verdict — direction of.**

4. Under the undisputed facts it is held that plaintiff, as a matter of law,

---

Note.—Cases discussing the duty of an owner of land which licensees are accustomed to cross, to guard against injuries in consequence of changes in the condition, will be found collated in notes in 13 L.R.A.(N.S.) 1126; 39 L.R.A.(N.S.) 217; and it will be found that there are cases both for and against the liability of such owner for resulting injuries.

See also note in 39 L.R.A.(N.S.) 217, on the question of contributory negligence of person injured by falling into hole or excavation.

That the owner of private property is not obliged to make it safe for trespassers or even for mere licensees is in accord with the weight of authority as will be seen by an examination of the cases in notes in 26 L.R.A. 686; and 5 L.R.A.(N.S.) 733, on the liability for dangerous condition of private grounds lying open beside a highway or frequented path.

was guilty of negligence which directly contributed to his injuries. Hence, the trial court properly directed a verdict against him.

Opinion filed April 27, 1916.

Appeal from the District Court of Mercer County, *S. L. Nuchols,* J. From a judgment in defendant's favor, plaintiff appeals.
Affirmed.

*F. E. McCurdy,* for appellant.

It is true that a trespasser or mere licensee, going upon the premises of another, goes at his own risk, and the owner owes no duty to him to protect him from injury. But where defendant by his conduct has induced the public to use a way, in the belief that it is a street or highway, and where they suppose they will be safe, an exception to the rule above stated at once arises and renders defendant liable for injuries sustained by one so using such street or highway. 29 Cyc. 450, 451; 3 Shearm. & Redf. Neg. § 706; Black v. Central R. Co. 51 L.R.A.(N.S.) 1215, and case note, 85 N. J. L. 197, 89 Atl. 24; Case note to Habina v. Twin City General Electric Co. 13 L.R.A.(N.S.) 1126; Holmes v. Drew, 151 Mass. 578, 25 N. E. 22; Brinilson v. Chicago & N. W. R. Co. 144 Wis. 614, 32 L.R.A.(N.S.) 359, 129 N. W. 664; Sweeney v. Old Colony & N. R. Co. 10 Allen, 368, 87 Am. Dec. 644; Barry v. New York C. & H. R. R. Co. 92 N. Y. 289, 44 Am. Rep. 377; Beck v. Carter, 68 N. Y. 283, 23 Am. Rep. 175; DeBoer v. Brooklyn Wharf Warehouse Co. 51 App. Div. 289, 64 N. Y. Supp. 925; Larmore v. Crown Point Iron Co. 101 N. Y. 391, 54 Am. Rep. 718, 4 N. E. 752; Hanson v. Spokane Valley Land & Water Co. 58 Wash. 6, 107 Pac. 863; Phipps v. Oregon R. & Nav. Co. 161 Fed. 376.

In this case the general public were accustomed to use that portion of the north lot of the defendant's as a highway, and the defendant, making an excavation there, was bound to protect the people against injury. He owed them this duty. Lerner v. Philadelphia, 21 L.R.A.(N.S.) 630, note; Knoxville v. Cain, 48 L.R.A.(N.S.) 632, note; 25 Cyc. 643.

*Newton, Dullam, & Young,* for respondent.

Actionable negligence is simply a failure to exercise that diligence and skill which is imposed by some legal duty to the person injured. Where there is no such duty, there can be no negligence. O'Leary v.

Brooks Elevator Co. 7 N. D. 554, 41 L.R.A. 677, 75 N. W. 919, 4 Am. Neg. Rep. 451; Trask v. Shotwell, 41 Minn. 66, 42 N. W. 699; Thomp. Neg. § 1228.

There is no such duty owing to a trespasser or mere licensee. In such case it is only necessary that one refrain from the wanton or wilful injury of another. Fisher v. Clark, 41 Barb. 329; Sweeny v. Old Colony & N. R. Co. 10 Allen, 368, 87 Am. Dec. 644; Phillips v. Library Co. 55. N. J. L. 307, 27 Atl. 478; Cusick v. Adams, 115 N. Y. 59, 12 Am. St. Rep. 772, 21 N. E. 673; Gramlich v. Wurst, 86 Pa. 74, 27 Am. Rep. 684.

When the owner of land makes an excavation thereon at some distance from the way and the person falling into it would be a trespasser upon the owner's land before he reached the excavation, there is no liability. Hardcastle v. South Yorkshire R. Co. 4 Hurlst. & N. 67, 28 L. J. Exch. N. S. 139, 5 Jur. N. S. 150, 7 Week. Rep. 326; Ryan v. Towar, 128 Mich. 463, 55 L.R.A. 310, 92 Am. St. Rep. 481, 87 N. W. 644; Briscoe v. Henderson Lighting & P. Co. 148 N. C. 396, 19 L.R.A. (N.S.) 1116, 62 S. E. 600; Johnson v. Paducah Laundry Co. 122 Ky. 369, 5 L.R.A.(N.S.) 733, 92 S. W. 330.

Plaintiff here was a trespasser at the time of his injury. He was not invited to enter upon defendant's premises, either actually or by implication. An implied invitation to enter upon premises exists where benefit accrues to the one who extends such invitation, as where the property is designed or used by the owner for public purposes which are of interest or advantage to himself, and then used in seasonable hours. Parker v. Portland Pub. Co. 69 Me. 173, 31 Am. Rep. 262; Trask v. Shotwell, supra; Thomp. Neg. §§ 985, 988, 990; Corrigan v. Elsinger, 81 Minn. 42, 83 N. W. 492, 8 Am. Neg. Rep. 262; Hart v. Grennell, 122 N. Y. 371, 25 N. E. 354; Cowen v. Kirby, 180 Mass. 504, 62 N. E. 968, 11 Am. Neg. Rep. 261; McClain v. Caribou Nat. Bank, 100 Me. 437, 62 Atl. 144; Zoebisch v. Tarbell, 10 Allen, 385, 87 Am. Dec. 660; Schmidt v. Bauer, 80 Cal. 565, 5 L.R.A. 580, 22 Pac. 256; Walker v. Winstanley, 155 Mass. 301, 29 N. E. 518; Peake v. Buell, 90 Wis. 508, 48 Am. St. Rep. 946, 63 N. W. 1053; Flanagan v. Atlantic Alcatraz Asphalt Co. 37 App. Div. 476, 56 N. Y. Supp. 18, 5 Am. Neg. Rep. 694; Menteer v. Scalzo Fruit Co. 240 Mo. 177, 144 S. W. 833; Herzog v. Hemphill, 7 Cal. App. 116, 93 Pac. 899; Ryerson

v. Bathgate, 67 N. J. L. 337, 57 L.R.A. 307, 51 Atl. 708, 11 Am. Neg. Rep. 300; Watson v. Manitou & P. P. R. Co. 41 Colo. 138, 17 L.R.A. (N.S.) 916, 92 Pac. 17.

The plaintiff here was acting in his own interests, without inducement, and at his own peril, when he went voluntarily in search of the cashier. Gorr v. Mittlestaedt, 96 Wis. 296, 71 N. W. 656; Reeves v. French, 20 Ky. L. Rep. 220, 45 S. W. 771, 46 S. W. 217, 4 Am. Neg. Rep. 155; Thompson v. Baltimore & O. R. Co. 218 Pa. 444, 19 L.R.A. (N.S.) 1162, 120 Am. Rep. 897, 67 Atl. 768, 11 Ann. Cas. 894; Klix v. Nieman, 68 Wis. 271, 60 Am. Rep. 854, 32 N. W. 223; Horstick v. Dinkle, 145 Pa. 220, 27 Am. St. Rep. 685, 23 Atl. 378; Breckenridge v. Bennett, 7 Kulp, 95; Mistler v. O'Grady, 132 Mass. 139; Howland v. Vincent, 10 Met. 317, 43 Am. Dec. 442.

There was no established way or path along the line traveled by plaintiff. Acquiescence in use does not grant right. Beck v. Carter, 68 N. Y. 282, 23 Am. Rep. 175; Habina v. Twin City General Electric Co. 15 Mich. 41, 13 L.R.A.(N.S.) 1126, 113 N. W. 586; Reardon v. Thompson, 149 Mass. 267, 21 N. E. 369; Thomp. Neg. 2d ed. 1050, note; Evansville & T. H. R. Co. v. Griffin, 100 Ind. 221, 50 Am. Rep. 684; Carleton v. Franconia Iron & Steel Co. 99 Mass. 216; Redigan v. Boston & M. R. Co. 155 Mass. 44, 14 L.R.A. 276, 31 Am. St. Rep. 520, 28 N. E. 1133.

The only thing that can here be said in favor of plaintiff's action in using the path is that defendant had never forbidden the public to use it. Under such circumstances plaintiff was a mere licensee, to whom defendant owed no duty, under the general rule. Brinilson v. Chicago & N. W. R. Co. 144 Wis. 614, 32 L.R.A.(N.S.) 359, 129 N. W. 664.

Plaintiff was guilty of contributory negligence. He had departed from the provided way of access. He was acting without defendant's inducement, voluntarily, in his own interests, and at his own peril. Rooney v. Woolworth, 74 Conn. 720, 52 Atl. 411; Bedell v. Berkey, 76 Mich. 435, 15 Am. St. Rep. 370, 43 N. W. 308; Greenwell v. Washington Market Co. 21 D. C. 298; Sweeney v. Barrett, 151 Pa. 600, 25 Atl. 148; Bridger v. Gresham, 111 Ga. 814, 35 S. E. 677, 7 Am. Neg. Rep. 524; De Graffenried v. Wallace, 2 Ind. Terr. 657, 53 S. W. 452; Downs v. Elmira Bridge Co. 179 N. Y. 136, 71 N. E. 743; Fox v. Warner-Quinlan Asphalt Co. 204 N. Y. 240, 38 L.R.A.(N.S.) 395, 97 N. E.

497, Ann. Cas. 1913C, 745; Polk v. Spokane Interstate Fair, 73 Wash. 610, 132 Pac. 401; McKenzie v. Lewis, 31 N. S. 408; Lanigan v. New York Gaslight Co. 71 N. Y. 29.

The mere fact that a person has had an opportunity to learn of a defect or danger is evidence of knowledge of it. La Riviere v. Pemberton, 46 Minn. 5, 48 N. W. 406; Hinz v. Starin, 46 Hun, 526, 10 N. Y. Supp. 671.

Plaintiff failed to use ordinary care to discover and avoid danger. Ramsdell v. Jordan, 168 Mass. 505, 47 N. E. 244, 3 Am. Neg. Rep. 47; Bedell v. Berkey, 76 Mich. 435, 15 Am. St. Rep. 370, 43 N. W. 308; Johnson v. Ramberg, 49 Minn. 341, 51 N. W. 1043; Worthington v. Wade, 82 Tex. 26, 17 S. W. 520; Baumann v. Metropolitan Street R. Co. 21 Misc. 658, 47 N. Y. Supp. 1094; Cowen v. Kirby, 180 Mass. 504, 62 N. E. 968, 11 Am. Neg. Rep. 261; Sickles v. New Jersey Ice Co. 153 N. Y. 83, 46 N. E. 1042, 2 Am. Neg. Rep. 410; Bentley v. Loverock, 102 Ill. App. 166; Lackat v. Lutz, 94 Ky. 287, 22 S. W. 218; Daley v. Kinsman, 182 Mass. 306, 65 N. E. 385, 13 Am. Neg. Rep. 95; Kiander v. Brookline Gaslight Co. 179 Mass. 341, 60 N. E. 796; Campbell v. Abbott, 176 Mass. 246, 57 N. E. 462; Brugher v. Buchtenkirch, 167 N. Y. 153, 60 N. E. 420; Massey v. Seller, 45 Or. 267, 77 Pac. 397, 16 Am. Neg. Rep. 553; Sweeny v. Barrett, 151 Pa. 600, 25 Atl. 148; Forsyth v. Boston & A. R. Co. 103 Mass. 513; Steger v. Immen, 157 Mich. 494, 24 L.R.A.(N.S.) 247, 122 N. W. 104; Reed v. Axtell, 84 Va. 231, 48 S. E. 587, 10 Am. Neg. Cas. 346; Dailey v. Distler, 115 App. Div. 102, 100 N. Y. Supp. 679; Hammock v. Tacoma, 44 Wash. 623, 87 Pac. 924; Bills v. Salt Lake City, 37 Utah, 507, 109 Pac. 745; Lautenbacher v. Philadelphia, 217 Pa. 318, 66 Atl. 549; Glaser v. Rothschild, 221 Mo. 180, 22 L.R.A.(N.S.) 1045, 120 S. W. 1, 17 Ann. Cas. 576; Dobbins v. Missouri, K. & T. R. Co. 91 Tex. 60, 38 L.R.A. 573, 66 Am. St. Rep. 856, 41 S. W. 62; Davis v. California Street Cable R. Co. 105 Cal. 131, 38 Pac. 647; Reynolds v. Los Angeles Gas & Electric Co. 162 Cal. 327, 39 L.R.A.(N.S.) 896, 122 Pac. 962, Ann. Cas. 1913D, 34; Anderson v. Northern P. R. Co. 19 Wash. 340, 53 Pac. 345, 4 Am. Neg. Rep. 235.

FISK, Ch. J. Plaintiff received injuries by falling into an excavation on defendant's property, and he seeks to recover damages therefor. The facts, briefly stated, are as follows: The accident occurred between 6

and 7 o'clock in the evening of January 18, 1914, on lot 6 of block 3 of the town of Golden Valley, North Dakota. This town at that time was only about two months old, and the streets had not been graded nor sidewalks built, and there was nothing there other than the surveyors' stakes to mark the street and lot lines. Lot 6, aforesaid, is in the northeast corner of block 3. At the north is Main street and on the east, Central avenue. Defendant had a temporary bank building located adjacent to the line of Central avenue, which building faced north, the door being in the north end and at the extreme northeast corner of the building. The front of such building was 43 feet south of Main street. Sometime prior to January 18th, the date of plaintiff's injury, defendant caused a basement to be excavated for a new bank building on the north end of such lot. This basement was the full width of the lot and extended from Main street south to a point 22½ feet on the east line of such lot and 32 feet on the west line thereof, there being an "L" shaped jog in the southwest corner of such basement, 9½ by 13½ feet, commencing at a point 11½ feet west of Central avenue and 22½ feet south of Main street. Defendant had caused a fence to be built all along the north end of such excavation, and rock to be piled along the east side from the northeast corner of the lot to a point from 6 to 12 feet from the door of the temporary bank building, so that the only unobstructed entrance to the bank was from Central avenue on the east through the opening between the south end of the rock pile and the bank building. Plaintiff visited the bank in the afternoon of the 18th for the purpose of getting a check which was to be left there by one of his customers in payment for certain oil, plaintiff being at the time the employee of the Standard Oil Company engaged in distributing its products. At that visit he approached the bank from the south and returned the same way. He testified that at that time he did not notice the fence nor the pile of rock. He says that on said visit he told a Mr. Campbell, the assistant cashier, that he would be back to get the check after he unloaded the oil, and Campbell said, "all right." January 18th was Sunday. It appears that plaintiff had visited the town at previous times, but did not remember when his last visit occurred. He admits that he knew that some excavating had been done on the north part of lot 7, directly west of lot 6; but did not know of the excavation on defendant's lot. When he returned to the bank in the

evening it was dark and stormy, and, finding no one there, he started in search of Campbell, going diagonally from the bank in a northwesterly direction toward a printing shop, where he saw a light, and when he had proceeded about 20 feet from the door of the bank he fell into the excavation, receiving the injuries complained of.

At the close of the testimony the defendant moved for a directed verdict in its favor, which motion was granted. We here set out such motion in full, as it is a clear statement of the respondent's views:

"The defendant at this time moves for a directed verdict in favor of the defendant and against the plaintiff, upon the grounds and for the reasons, as follows:

"(1) That the plaintiff has failed to make out a prima facie case, and to furnish evidence in support of the material allegations of the complaint.

"(2) That it appears affirmatively from the plaintiff's testimony that he was on the premises as a trespasser at the time and place mentioned in the testimony, and at which the accident happened, or as a mere licensee; further, that the defendant owed no duty to him, either as a trespasser or as a licensee, except to refrain from wantonly or wilfully injuring him;

"(3) That there is no evidence of wantonness of wilfulness on the part of the defendant, and no acts of want of ordinary care on its part;

"(4) That if there is any evidence of an invitation to the plaintiff to come upon the premises, it appears conclusively that the purpose of the invitation was to transact business for his own convenience in the bank building, to which there was a well-defined entrance, and that at the time of the accident the plaintiff was not upon that part of the premises where he was expected to be to transact that business, if there was any invitation;

"(5) That the injury to the plaintiff does not appear to be one which the defendant, in the light of attending circumstances, might, in the exercise of ordinary prudence, have foreseen as probably occurring as a result of leaving this excavation unguarded upon the south side.

"(6) That there is nothing to show that the usual and ordinary approach to the bank was not in a safe condition;

"(7) It does not appear that the accident was the natural or probable consequence of the excavation, or of leaving the excavation unguarded;

"(8) It appears conclusively from the testimony that the plaintiff contributed to his own injury, and that his own negligence was the proximate cause of the injury sustained by him." Judgment was entered pursuant to such verdict, and plaintiff has appealed therefrom. Appellant's specifications of error are all aimed at the ruling granting the motion aforesaid, and we need not consider them separately.

There are really but two questions involved: First, Was defendant guilty of negligence which was the proximate cause of the injury? and, second, was plaintiff guilty of contributory negligence?

Taking up the first question, the inquiry logically arises as to what legal duty, if any, was owing by defendant to plaintiff; for in the absence of such duty and a breach thereof, of course no negligence can be properly charged to defendant, there being no claim of any wanton or wilful negligence on defendant's part.

Counsel for appellant very candidly admits that the settled rule of law is that, if his client in going where he did was a trespasser or merely a bare licensee, defendant owed him no duty, but he contends that the facts bring the case within a well-recognized exception to such rule, which he quotes from 29 Cyc. 450, 451, as follows: "There is a class of cases, however, which stand on a ground peculiar to themselves. They are where defendant by his conduct has induced the public to use a way, in the belief that it is a street or public way which all have a right to use, and where they suppose they will be safe. The liability in such a case is coextensive with the implied invitation."

While the above quotation, no doubt, embraces a sound statement of the law, we are unable to perceive its application to the facts in this record. Of course, if defendant through the conduct of its officers led the public to believe that they were privileged to use the north end of such lot as a public highway, or if such officers impliedly invited the public to thus use the same, it would necessitate on defendant's part the exercise of care for their safety corresponding with the extent of such implied invitation. In other words, its liability in that case would be coextensive with such implied invitation; but the record before us does not, in our judgment, warrant a finding of any such implied invitation. At the most, it merely discloses that prior to such excavation persons in going from place to place in the town traveled promiscuously without any heed being given to streets or private property, and that

this was true with reference to travel both from and to such bank between it and points northwest therefrom; but this was nothing more than the natural thing for people to do in a new town like Golden Valley, where, as before stated, there was nothing aside from the surveyors' stakes to mark the street and property lines, but we think this falls far short of establishing an implied invitation so to do on defendant's part, especially where, as here, the time during which such practice was pursued was such a brief period. Persons thus using private property, under the circumstances, must be deemed to have assumed the risks incident thereto. At the most, plaintiff was a mere licensee to whom defendant owed no duty. Furthermore, plaintiff did not visit the bank building on this Sabbath evening to transact business with defendant, nor had he any right to assume that the bank would be open for the transaction of business at that late hour. He was not invited by defendant to go there, but concededly went on a personal errand in no way concerning defendant bank, and consequently, as before stated, the latter owed him no duty. This being true, it follows that defendant was guilty of no negligence. Moreover, it appears that this excavation which had been made several weeks prior to the accident had been carefully guarded across the entire front and side thereof between the streets and basement by a fence and row or pile of building rock, and, in causing this to be done, we think defendant exercised due care as to all persons, even including its customers, and it cannot be charged with negligence in failing to do more.

Many authorities might be cited lending support to our views above expressed, but we content ourselves with a reference to the following: O'Leary v. Brooks Elevator Co. 7 N. D. 554, 41 L.R.A. 677, 75 N. W. 919, 4 Am. Neg. Rep. 451; Gramlich v. Wurst, 86 Pa. 74, 27 Am. Rep. 684; Parker v. Portland Pub. Co. 69 Me. 173, 31 Am. Rep. 262; Cowan v. Kirby, 180 Mass. 504, 62 N. E. 968, 11 Am. Neg. Rep. 261; Pierce v. Whitcomb, 48 Vt. 127, 21 Am. Rep. 120; Schmidt v. Bauer, 80 Cal. 565, 5 L.R.A. 580, 22 Pac. 25; Habina v. Twin City General Electric Co. 150 Mich. 147, 13 L.R.A.(N.S.) 1126, 113 N. W. 586; Evansville & T. H. R. Co. v. Griffin, 100 Ind. 221, 50 Am. Rep. 784; Redigan v. Boston & M. R. Co. 155 Mass. 44, 14 L.R.A. 276, 31 Am. St. Rep. 520, 28 N. E. 1133; Fox v. Warner-Quinlan Asphalt Co. 204 N. Y. 241, 38 L.R.A.(N.S.) 395, 97 N. E. 497, Ann. Cas. 1913C,

745; Brinilson v. Chicago & N. W. R. Co. 144 Wis. 614, 32 L.R.A. (N.S.) 359, 129 N. W. 664.

As we view it, there is another insuperable barrier to plaintiff's recovery in this action. His injury was the result of a want of ordinary care on his part, which directly contributed to cause the same. While the question of contributory negligence is usually one of fact for the jury, yet where—as in the case at bar—the facts are not in dispute, it becomes a pure question of law for the court. It is an established fact in the case that, for at least three or four days prior to the accident, such excavation had been completed, and, obviously, for sometime prior thereto travel across the north portion of defendant's lot had been abandoned, and persons leaving the bank were obliged to go east on to Central avenue. Both the ingress and egress provided for those visiting the bank were by way of such avenue lying directly east of the bank building. Plaintiff called at the bank in the afternoon when it was broad daylight, and should have discovered both the excavation and the guards at the north and east of it. At the time of the injury it was very dark, and, without any right to assume that it was a public way and free from obstructions, he hurriedly walked to the point where he was injured, without a lantern or any light, and apparently utterly heedless of dangerous pitfalls or other obstructions. Such conduct was not that of a reasonably prudent person. The fact that it was a very dark night, as well as the other surrounding circumstances, required of him the use of extra precautions, which he did not take, and under the law he cannot recover. Parker v. Portland Pub. Co. 69 Me. 173, 31 Am. Rep. 262; Rooney v. Woolworth, 74 Conn. 720, 52 Atl. 411; Bedell v. Berkey, 76 Mich. 435, 15 Am. St. Rep. 370, 43 N. W. 308; Bentley v. Loverock, 102 Ill. App. 166; Lackat v. Lutz, 94 Ky. 287, 22 S. W. 218; Daley v. Kinsman, 182 Mass. 306, 65 N. E. 385, 13 Am. Neg. Rep. 95; Campbell v. Abbot, 176 Mass. 246, 57 N. E. 462; Massey v. Seller, 45 Or. 267, 77 Pac. 397, 16 Am. Neg. Rep. 553; Steger v. Immen, 157 Mich. 494, 24 L.R.A.(N.S.) 247, 122 N. W. 104; Reed v. Axtell, 84 Va. 231, 48 S. E. 587, 16 Am. Neg. Cas. 346. The case of Massey v. Seller, 45 Or. 267, 77 Pac. 397, 16 Am. Neg. Rep. 553, is where plaintiff approached the outer door of defendant's premises, and, observing a dark corner, assumed that it was a water-closet, and walked into it to find that it was an elevator shaft. He

said he was not looking for a trap-door to fall into, but could see nothing. The Oregon court said: "If it was so dark in there that he could 'see nothing' it was certainly an act of folly on his part to enter on a cruise of exploration and discovery without stopping to determine whether it was safe to proceed. To bolt headlong into a place little known, and where the senses cannot take note of it, is not the act of a prudent man, and there is no chance for any other inference or deduction concerning it. Reasonable minds could not come to any other conclusion touching it, so that there is nothing for the jury to determine, and the trial court very properly declared the result as a matter of law." See also Anderson v. Northern P. R. Co. 19 Wash. 340, 53 Pac. 345, 4 Am. Neg. Rep. 235; Glaser v. Rothschild, 221 Mo. 180, 22 L.R.A.(N.S.) 1045, 120 S. W. 1, 17 Ann. Cas. 576; Davis v. California Street Cable R. Co. 105 Cal. 131, 38 Pac. 647; Reynolds v. Los Angeles Gas & Electric Co. 162 Cal. 327, 39 L.R.A.(N.S.) 896, 122 Pac. 962, Ann. Cas. 1913D, 34.

Judgment affirmed.