MARY LOUISE MacDONOUGH ET AL, RESPONDENTS, v.
F. W. WOOLWORTH COMPANY, APPELLANT.

Submitted December 10, 1917—Decided March 4, 1918.

1. The implied invitation of the storekeeper is broad enough to
   include one who enters a general store with a vague purpose of
   buying if she sees anything that strikes her fancy.
2. The question of invitation to a customer to enter the space in
   a store back of the counters, obviously reserved as a place for
   the sales-employees to work, is for the court, because in the
   absence of other circumstances there is no evidence of invitation.
3. Where, however, there was through the counter an opening or
   passageway leading to a small book-rack against the wall filled
   with books with the titles displayed for selection and so dimly
   lighted that it was necessary to enter the passageway to read
   the titles and make selection—*Held*, that such circumstances
   constituted some evidence of implied invitation, and that a jury
   question consequently arose, although the testimony showing the
   circumstances was undisputed.

On appeal from the Essex County Circuit Court.

For the appellant, *Runyon & Autenrieth.*

For the respondents, *Abner Kalisch* and *Isador Kalisch.*

The opinion of the court was delivered by

WHITE, J. This appeal raises two questions, viz.—(*a*) was
plaintiff invited by defendant to go to the place in his store
where she was injured, and (*b*) was that, under the circum-
stances here involved, a court or a jury question?

Plaintiff entered the store with a vague purpose of buying
something if she saw anything that she took a fancy to. Up
to this point there is no difficulty. The invitation of the store-
keeper is clearly broad enough to include anyone who enters
a general store in this frame of mind.

She saw counters with merchandise displayed upon them,
one extending down the middle of the store and one down

each side, the latter in front of wall shelves of merchandise, with a space for the saleswomen to work between the wall shelves and the counters. Such an arrangement in itself extended no invitation to a customer to go behind these side counters into the space which was obviously for employes, and in a case involving nothing more, there being no evidence of invitation, a court and not a jury question would arise. *Rooney* v. *Woolworth* (*Conn.*), 52 *Atl.* 411.

About half way down the store, however, the counter on one side had an opening or passageway through it, and immediately in front of or across the end of the passageway and against the wall, was a book rack consisting of five shelves, one above the other, and about four feet long. These shelves were filled with miscellaneous books with the titles displayed for selection and with a sign above the rack stating that any book in the rack could be bought for ten cents. There was a dim electric light about six inches above the book rack, and in order to read the titles of the books in the rack it was necessary to enter the passageway. Plaintiff saw the books and decided to buy a book. There was no saleswoman near the rack, and plaintiff, thinking the passageway was for that purpose, went into it to get where, by reading the titles to the books, she could select such as struck her fancy. In doing this she stepped a little to one side and fell down a stairway, which she did not, and in the dim light was not likely to, see, and which was located back of the counter and immediately adjoining the passageway. The gate to the stairway was tied open at the time with a string.

We think, with the learned trial judge, that although none of the facts going to make up these existing conditions was disputed, nevertheless, the deduction to be drawn from them was a question of fact. It was not a case where there was no evidence of invitation. The fact that books were displayed for selection by their titles in front of an open passageway, which had to be entered in order to read the titles and make the selection, was some evidence of invitation. It was, therefore, for the jury to visualize the situation from the evi-

dence and decide whether the plaintiff had reasonable ground from what she saw for believing that she was invited or expected to go where she did go for the purpose she had in mind. *Phillips* v. *Library Co.,* 55 *N. J. L.* 307.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 15.

*For reversal*—None.