FRANK J. MAYES, RESPONDENT, v. SPLITDORF ELECTRICAL COMPANY, APPELLANT.

Submitted March 22, 1920—Decided June 14, 1920.

1. An owner or occupier of premises who by invitation, express or implied, induces a person to come upon the premises, is under a duty to exercise ordinary care to render the premises reasonably safe for the purposes embraced in the invitation.
2. Where a new boiler house was being erected under a general contract, and the plaintiff, whose employer had a subcontract to do the painting work, was injured by falling into an unguarded pit in the floor, the fact that the general contract had not been fully completed did not relieve the owner from the obligation to use ordinary care to render the premises reasonably safe for the purpose for which the owner invited the plaintiff to enter, it appearing that the owner, with the acquiescence and consent of the general contractor, had entered into possession and control of the boiler house before the accident and continued to occupy the

same and operate and use the boilers and pumps, of which the pit was an essential part, in connection with its general business; and this is so even though the general contract provided that the building was not to be turned over to the owner until completed and that the general contractor during that period would be responsible to the owner for any damages.

3. Where the existence of contributory negligence upon the part of the plaintiff depends upon the conclusion to be reached from a variety of circumstances considered in their relation to and their reaction upon each other, the jury and not the court is normally the tribunal to draw such conclusion.

On appeal from the Supreme Court.

For the appellant, *Clarence B. Tippett.*

For the respondent, *William M. Rysdyk, Frank G. Turner* and *George W. Bristol* (of the New York bar).

The opinion of the court was delivered by

TRENCHARD, J.    The judgment under review is founded upon a verdict obtained by the respondent at the Passaic Circuit by reason of injuries sustained by falling into a pit in the floor of the boiler-house of the appellant's factory.

We are of the opinion that the judgment should not be disturbed.

The motions for nonsuit and for the direction of a verdict for the defendant company were rightly denied.

Both motions were rested upon the contention that there was no evidence of negligence upon the part of the defendant, and that in turn was based solely upon the insistence that there was no evidence that the defendant was in possession and control of the premises at the time of the accident.

But that is not so.

It appeared that the defendant contracted with the American Steel Concrete Company (a general contractor) for the erection of a new boiler-house on its factory premises, and that company subcontracted the painting work to Howlett & Company, for whom the plaintiff worked. The evidence tended to show that the plaintiff reported for work to the

defendant company, was shown where to work by their repre-
sentative, and while preparing to go to work on the second
day, fell into an unguarded pit in the floor of the boiler-
house.

Of course, the general rule is that an owner or occupier of
premises who by invitation, express or implied, induces a
person to come upon the premises, is under a duty to exercise
ordinary care to render the premises reasonably safe for the
purposes embraced in the invitation. *Phillips* v. *Library Co.,*
55 *N. J. L.* 307; *Nolan* v. *Bridgeton and Millville Traction
Co.,* 74 *Id.* 559; *Sefler* v. *Venderbeek & Sons,* 88 *Id.* 636.

The defendant company, however, insists that it owed no
duty to the plaintiff because, at the time of the accident, the
boiler-house had not been fully completed, and, as the defend-
ant contends, had not been turned over to the possession and
control of the defendant by the general contractor.

But the evidence tends to show that such contention is not
well founded in fact. It tends to show that two days before
the accident, when the plaintiff reported to the defendant's
office for work, he was taken by a representative of the de-
fendant to the boiler-house and shown where to hang his
clothes and directed where to work. It further tends to show
that, at the time of the accident, which occurred two days
later, and for several weeks before, the defendant's servants
were engaged in the boiler-house in the installation and op-
eration of its boilers and pumps, under the direction of its
manager. In short, from this and other evidence, it was
plainly open to the jury to find, if they saw fit, that the de-
fendant owner, with the acquiescence and consent of the
general contractor, entered into the possession and control
of the boiler-house some considerable time prior to the acci-
dent, and continued to occupy the same and operate and use
the boilers and pumps, of which the pit into which the plaint-
iff fell was an essential part, in connection with its general
business. In these circumstances the fact that the general
contractor had not fully completed his contract would not re-
lieve the defendant owner from the obligation to use ordinary
care to render the premises reasonably safe for the purpose

for which it had invited the plaintiff to enter; and this is so even though the general contract provided that the building was not to be turned over to the defendant owner until completed and that the general contractor during that period would be responsible to the owner for any damages. *De Vicenzo* v. *John Sommer Faucet Co.,* 87 *N. J. L.* 645.

It is also argued (although it seems not to have been urged at the trial) that there should have been a nonsuit and a direction of a verdict for the defendant because the plaintiff was guilty of contributory negligence.

But we think that question was for the jury.

On entering the premises on the day of the accident the plaintiff did precisely as he had been directed to do the first day. He went along the same passageway to the clothes rack where he had been told to hang his clothes. The evidence tends to show that on the first occasion he did not see the pit (which was hard by the clothes rack) because it was covered with a ladder. It tends to show that he did not see it on the occasion of the accident because of the defective light, which, while enabling him to see the clothes rack, prevented him from seeing the pit in the floor which was in the shadow of the boiler. He fell into the pit, which was then uncovered and unguarded, just as he was in the act of hanging up his clothes.

Now, where, as here, the existence of contributory negligence upon the part of the plaintiff depends upon the conclusion to be reached from a variety of circumstances considered in their relation to and their reaction upon each other, the jury and not the court is normally the tribunal to draw such conclusion. *Sutton* v. *Bell,* 79 *N. J. L.* 507.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 13.

*For reversal*—None.