RAY NELSON, Appellant, v. F. W. WOOLWORTH & COMPANY, Appellee.

No. 39950.

JUNE 23, 1930.

REHEARING DENIED DECEMBER 13, 1930.

*Gilmore & Moon,* for appellant.

*McNett, McNett & Kuhns,* for appellee.

KINDIG, J.—The defendant-appellee is a corporation operating a five and ten cent store in Ottumwa. Its place of business is in a building on Main Street. Said street extends east and west, and appellee's store is on the south side thereof. Thus the store faces the north, and extends southward a considerable distance, probably 140 feet, while the width of the store is approximately 44 feet. There is also an entrance to the store from the

rear. It appears that on the west side of the store there are counters, within close proximity to each other, extending from near the entrance to the rear part of the building. Likewise, there are counters down the center, and again, there are counters on the east side of the store from the entrance to near an office at the rear end. These counters on the east side are close to the east wall. Between the ends of the counters are small passageways through which the clerks proceed back and forth. East of this row of counters, and along the east wall, are shelves, on which goods are kept for sale. An aisle for clerks exists between the east wall and the east row of counters. South of this east row of counters is an office, constructed apparently by placing lattice, or similar work, above desks. Entrance to the office is on the west side thereof, near the rear door. North of the office is a narrow passageway 2 to 2½ feet wide. That passageway is bounded on the north by the southernmost counter on the east side of the building, and by an open stairway. This open stairway is immediately east of such southernmost counter, and directly north of the passageway. Uncertainty appears concerning the nature of the protection at the north side of the stairway opening. However, that is immaterial, so far as the present discussion is concerned.

In the framework of the office, fronting on the aforesaid

Rear of Store
(South)

passageway, directly in front of the open stairway, is a small opening, through which papers and articles are passed from the outside into the office. A diagram immediately precedes, showing said southernmost counter, passageway, office, stairway, and small opening into the office. At the southeast corner of such southernmost counter there was a gate, which extended across the open stairway to the east wall.

On April 9, 1926, between 1:30 and 2:00 in the afternoon, the plaintiff-appellant entered appellee's store through the main entrance on the north, and proceeded southward on the west side of the east row of counters, until he came to the above-mentioned southernmost counter, where a saleslady, located on the east side of this counter in the aisle intended for clerks, waited upon the appellant. After purchasing three bread pans and some salt and pepper shakers, appellant, who was a restaurant keeper, noticed some larger pans on the shelves along the east wall back of the counter. So, while the saleslady was wrapping the articles purchased, the appellant, without her knowledge or consent, proceeded to the south end of the previously mentioned southernmost counter, and then started down the passageway along the office to the east. The gate was not closed, and appellant fell down the stairs, where he received the injuries for which he now demands damages.

Liability for the injury is denied by appellee on several theories.

First, it is claimed that appellant, when he proceeded down said passageway, was a mere licensee, and not an invitee, because the passageway was intended for clerks only.

Second, appellee asserts that, even though appellant may have been an invitee, yet he cannot recover, for the reason that appellee was not negligent. No negligence appears, appellee maintains, simply because there is an open stairway in a store building frequented by the buying public.

Third, it is insisted by appellee that, although appellant was an invitee and negligence appeared on the part of the store, yet there can be no recovery, because of the appellant's contributory negligence. Contributory negligence, appellee says, is shown because appellant, when walking through the passageway, had his eyes upon the pans on the shelf, and did not look for dangers that might exist on or near the floor.

Contrary to appellee's contentions in that regard, the appellant declares: First, that the appellee was negligent because the gate aforesaid was not closed; and, second, that appellant did not in any way contribute to his injury through negligence. Consequently, a solution of the problem necessarily requires a discussion of those conflicting claims.

I. Was appellant an invitee in appellee's store? Manifestly, he was, to a limited extent. A public store was being operated by appellee, and its doors were open to the public. Appellant was an actual customer. Therefore, so far as his  position in the aisle west of the counters is concerned, he was an invitee. When, however, the appellant left the aisle conceded to be for customers, and entered the narrow passageway between the office and the southernmost counter, it is more difficult to determine his status. While in that passageway, appellant claims to have been an invitee, but appellee contends that he then was only a mere licensee.

"One who is on the premises of another as a customer, for the purpose of purchasing goods, is there by implied invitation, and is entitled to the care and protection due an invitee." *Keeran v. Spurgeon Merc. Co.*, 194 Iowa 1240 (local citation 1242).

Nevertheless, such invitation does not permit the customer to go upon those portions of the store which the storekeeper "would not reasonably expect the invitee to use in connection with the conduct of business on said premises." *Keeran v. Spurgeon Merc. Co.* (194 Iowa 1240), supra. Concerning this, we said in the *Keeran* case, supra:

"Even though a person is an invitee upon the premises of another, the duty of the owner of the premises to maintain the same in a safe condition applies only to that part of the premises that is appropriated by the owner as a place in which his business is conducted, and the necessary and proper part of said premises reasonably to be used by the invitee to gain access to the portion of the premises used for the purposes of business. The invitation, express or implied, to conduct business upon the premises is an invitation to use the premises in the ordinary and usual manner in which business is conducted thereon; and it does not render the owner or occupant of the premises liable for negligence where

the invitee is using a portion of the premises to which the invitation has not been extended, either expressly or impliedly, and which the occupant would not reasonably expect the invitee to use in connection with the conduct of business on said premises.''

To the same effect, see *Knote v. City of Des Moines,* 204 Iowa 948. Consistent with the foregoing doctrine is the following excerpt from *Wall v. F. W. Woolworth Co.,* 209 Ky. 258 (272 S. W. 731), wherein the court said:

''If the stairway was upon a part of its [the storekeeper's] premises to which the public was not invited, and had no right to go, the company, as to appellant [the customer], owed no duty to have and keep the place safe. The general rule, as stated in Thompson on Negligence, Section 988, is that a merchant is not required to keep his premises safe, but only that part to which his customers are invited. But this duty does not extend so far as to make such an occupant responsible for the unsafe condition of those parts of his premises not intended for the reception of visitors or customers, and where they are not expected or invited to go.''

Applying the same theory, the Court of Errors and Appeals of New Jersey, in *MacDonough v. F. W. Woolworth Co.,* 91 N. J. Law 677 (103 Atl. 74), stated:

''She [the customer] saw counters with merchandise displayed upon them, one extending down the middle of the store and one down each side, the latter in front of wall shelves of merchandise, with a space for the saleswomen to work between the wall shelves and the counters. Such an arrangement in itself extended no invitation to a customer to go behind these side counters into the space which was obviously for employees, and in a case involving nothing more, there being no evidence of invitation, a court, and not a jury, question would arise.''

Obviously, therefore, a customer in a store is not an invitee to such portions thereof as are plainly intended for the use of the proprietor and the sales people only. As soon as the customer steps beyond that part of the store meant for the invitee, and enters the space evidently not so intended, he becomes a mere licensee, or trespasser. What is here said has no reference to express invitations to the customer by the storekeeper, nor does

the pronouncement just made relate to those instances where, by special conduct, the storekeeper impliedly, if not expressly, invites his customer back of the counter, or to other places ordinarily reserved for sales people. See *MacDonough v. F. W. Woolworth Co.*, 91 N. J. Law 677 (103 Atl. 74), supra.

Within the purview of the rule thus announced, was appellant an invitee or a mere licensee when he went down the passageway between said southernmost counter and the office, to the open stairway? The record is not without conflict. Uncertainty appears about where the pans which appellant desired to inspect were located, on the east wall. Some parts of the evidence indicate that those pans extended the entire length of the east wall down to the office. Again, it is suggested that the pans are immediately east of the open stairway. Resultantly, the jury could find, if they so elected, that the pans were across the passageway immediately in front of appellant's line of progress as he looked eastward from the south side of the counter: that is to say, there is evidence from which the jury could conclude that the appellant did not intend to pass back of the counter, which, under the evidence, was reserved for the salesladies. Moreover, consideration must be given to the opening from the passageway into the office. That opening, the jury might decide, induced the appellant to believe that the public proceeded down the passageway for the purpose of transacting business with the appellee. Notation is made of the fact that appellant did not go down the passageway for the purpose of communicating with the office. He proceeded around the counter and down the passageway to inspect the merchandise which he wanted to buy. Those pans displayed along the wall looked larger to appellant than the ones which he had purchased. Larger pans were desired by him.

In view of the opening from the passageway into the office, and the fact that the pans were on the east wall across the passageway, if the jury find they were, taken together with the fact that the fact-finding body could well conclude that appellant, when approaching the stairway, did not believe that he was passing back of the counter into a forbidden area (for, in addition to the foregoing facts, it is to be further observed that there was no connection between the passageway in question and the space where the salesladies were waiting on customers, behind the counters), we cannot say, as a matter of law, that the appellant,

when he fell into the cellarway, was not an invitee. Such question, under all the facts and circumstances, was one for the jury.

II. The foregoing being true, it is next necessary to decide whether the appellee was negligent in maintaining the stairway with the open gate.

For a store operator to maintain a store with an open stairway in the part thereof provided for the public, is not necessarily negligence. In fact, the most modern stores are equipped with  stairways, as well as elevators. Negligence may arise, however, because the stairway is not properly built or maintained. Everything depends upon the facts and circumstances of the case. Quoted excerpts from some of the cases will elucidate.

It was said by the Circuit Court of Appeals, Eighth Circuit, in *F. W. Woolworth & Co. v. Conboy*, 95 C. C. A. 404, on page 405 (170 Fed. 934, 936):

"It was not negligent [for a storekeeper] to maintain the open stairway. * * * Indeed, if it [the stairway] had been situated in a portion of the room used by the public, that would not have constituted negligence. Important retail establishments are now accustomed to occupy several stories of the building in which their business is carried on. Open stairways leading from one story to another are a part of the ordinary equipment of such premises. Even when elevators are provided, there is usually a stairway adjacent to the shaft, and there are frequently other stairways in such rooms. Such stairways are closed on three sides, as was the one in this case; but the entrance is left open. Any other arrangement would be manifestly impracticable, and defeat the very object which the stairways are designed to accomplish. Such open stairways being an ordinary feature of store premises, the public, when resorting there, assume the risk arising therefrom, and are bound to protect themselves by the use of their eyes against such dangers."

Also, a similar doctrine is announced in *Dunn v. Kemp & Hebert*, 36 Wash. 183 (78 Pac. 782), wherein the court suggested:

"The stairway was an ordinary stairway, protected on both sides by railings and tables next thereto. It was not in the main

aisle of the store, but was crosswise thereto, so that a person intending to enter the stairway must turn at right angles from the aisle. It is not negligence *per se* to maintain a stairway. in a store or public place (*Larkin v. O'Neill*, 119 N. Y. 221, 23 N. E. 563) * * *.''

·See, also, *Johnson v. Ramberg*, 49 Minn. 341 (51 N. W. 1043).

Under the law as thus announced, was the appellee negligent in maintaining the open stairway in question? We are constrained to hold that the issue presents a jury question, provided the appellant was an invitee. It is to be recalled that the stairway was located immediately between the southernmost counter and the east wall. Necessarily, then, the counter would tend to obscure the somewhat narrow stairway, the exact width of which is rather uncertain. Possibly it was 2 or 3 feet wide. Not only would the counter thus obscure the stairway, but it would also tend to darken the area surrounding it. Darkness to some extent would also be caused by the office to the south, even though much of the north partition thereof was built with latticework. Furthermore, the passageway between the office and the southernmost counter was somewhat narrow, so there would be little opportunity for the customer to move about without immediately approaching the open stairs. Too, the first step of the stairway. was immediately adjacent to the passageway. Appellant, whose eyesight was good, has this to say concerning his observations immediately before he was injured:

''I could not see * * * the floor or the step as I went in. There was no light there.''

Considering, then, as we must, all those facts and circumstances, and assuming that the appellant was an invitee, it clearly was for the jury to say whether it was negligent for the appellee to thus maintain the stairway without the closed gate. During our discussion in *Keeran v. Spurgeon Merc. Co.* (194 Iowa 1240), supra, on page 1242, we said:

''He . [the storekeeper] violates [the duty owed an invitee] when he negligently allows conditions to exist which imperil the safety of those who so come upon the premises.''

Upon this subject, we said, in *Noyes v. Des Moines Club,* 178 Iowa 815, on page 822:

"Under the facts and circumstances of this case [discussing the duties of an inviter to an invitee], the defendant [the inviter] cannot be holden to that high liability which attaches to common carriers of passengers for hire, but it should be holden to the exercise of reasonable care to see that the premises, to the use of which it extends an invitation to others, are reasonably safe for the use of those who accept, and come upon the premises."

Clearly, the inviter is not an insurer of the invitee's safety, but rather, it is incumbent upon the former to exercise ordinary and reasonable care in order that the latter will not be injured. *Wynne v. Southern Bell Tel. & Tel. Co.,* 159 Ga. 623 (126 S. E. 388) ; *Brown v. Pepperdine,* 53 Cal. App. 334 (200 Pac. 36) ; *Giannini v. Campodonico,* 176 Cal. 548 (169 Pac. 80) ; *Chichas v. Foley Bros. Grocery Co.,* 73 Mont. 575 (236 Pac. 361) ; *Main v. Lehman,* 294 Mo. 579 (243 S. W. 91) ; *Sefler v. Vanderbeek & Sons,* 88 N. J. Law 636 (96 Atl. 1009) ; *Mayes v. Splitdorf Elec. Co.,* 94 N. J. Law 460 (111 Atl. 10) ; *Blease v. Webber,* 232 Mass. 165 (122 N. E. 192) ; *Leonard v. Enterprise Realty Co.,* 187 Ky. 578 (219 S. W. 1066) ; *Cluett v. Union Elec. L. & P. Co.* (Mo. App.), 205 S. W. 72; *Chapman v. Clothier,* 274 Pa. St. 394 (118 Atl. 356) ; *Goodwin v. E. B. Nelson Groc. Co.,* 239 Mass. 232 (132 N. E. 51) ; *Thistlewaite v. Heck,* 75 Ind. App. 359 (128 N. E. 611) ; *Brinkworth v. Sam Seelig Co.,* 51 Cal. App. 668 (197 Pac. 427) ; *Ober v. Golden Rule,* 146 Minn. 347 (178 N. W. 586) ; *Bridgford v. Stewart Dry Goods Co.,* 191 Ky. 557 (231 S. W. 22) ; *Kaufman Department Stores v. Cranston,* 258 Fed. 917.

As before suggested, it is for the jury, under the facts and circumstances here presented, to determine in this case whether the appellee exercised the reasonable and ordinary care required. This is said, of course, upon the assumption that the appellant was an invitee.

III. If, on the other hand, the jury should conclude that the appellant was not an invitee, but only a mere licensee, when he passed down said passageway to the open stairway, then ap-

 pellee was not negligent. There is clearly a distinction between the duty owed by a storekeeper to an invitee, on the one hand, and to a mere licensee, on the other. About this we said in *Keeran v. Spurgeon Merc. Co.*, 194 Iowa 1240, on page 1242:

"If one goes upon premises without invitation, express or implied, the owner or occupant thereof is under no duty to look out for his safety; and if he be injured through the negligence of the owner or occupant while there without lawful right, or as a bare licensee, no recovery can be had."

In further explanation of the thought, we said, in *Printy v. Reimbold*, 200 Iowa 541, on page 546:

"It is the universal rule that persons entering voluntarily upon the premises of another, out of idle curiosity or for their own pleasure or advantage, take the same as they find them, and the owner or occupier thereof is bound only to avoid wanton or willful injury to them * * *."

See, also, *Costello v. Farmers Bank of Golden Valley*, 34 N. D. 131 (157 N. W. 982); *Dorsey v. Chautauqua Institution*, 203 App. Div. 251 (196 N. Y. Supp. 798); *Shafer v. Takoma Eastern R. Co.*, 91 Wash. 164 (157 Pac. 485); *Bolden v. Independent Order of O. F.*, 133 Wash. 293 (233 Pac. 273); *Brown v. Pepperdine* (53 Cal. App. 334 [200 Pac. 36]), supra.

Plainly, a storekeeper is not required to exercise the care due an invitee, when dealing with a mere licensee. The only requirement in protecting a mere licensee, so far as the storekeeper is concerned, is that he does not willfully or affirmatively commit an act which injures him. So, when the cause is submitted to the jury on the retrial, it is necessary that the district court correctly explain these elements to the jury, in order that said body may know the distinction between an invitee and a mere licensee, and the law applicable to each.

IV. Notwithstanding the foregoing conclusion, appellee still insists that the district court properly directed a verdict in its favor for the reason that appellant was guilty of contributory negligence.

If it be assumed that appellant was an invitee, as distinguished from a mere licensee, it is not entirely certain that he

negligently contributed to his injury. A solution of the problem is to be found in the facts and circumstances. Conflicting questions of fact are to be settled by the jury. If the facts are not in conflict, and it is plain that appellant was guilty of contributory negligence, then the court should direct a verdict accordingly.

"The presence or absence of contributory negligence, generally speaking, is peculiarly a question for the jury, rather than the court, to detect and settle." *Murphy v. Iowa Elec. Co.*, 206 Iowa 567 (local citation 571).

When considering appellant's contributory negligence, two elements are involved: First, What did the appellant do? Second, What was the effect of his action? Provided that either or both of said propositions present uncertainty, then there is a jury question concerning the existence of contributory negligence. While discussing this subject, we said in *Murphy v. Iowa Elec. Co.* (206 Iowa 567), supra, on page 572:

"If there is a conflict in the evidence as to what the person accused of contributory negligence did or did not do, the question is then one for the jury. Likewise, even though it is known what was done by that individual in this regard, yet, if his conduct is such that there may fairly be different opinions with respect to it, and one man honestly and reasonably says it was in accord with ordinary prudence, while another, just as sincerely, and with equal reason, contends it was not, then there is a jury question. * * * Consistent, however, with the above and foregoing doctrine, and in no way in conflict therewith, is the additional theory that, 'where the facts are clear and undisputed,' and the existence and effect of the plaintiff's contributory negligence sufficiently 'apparent to every fair-minded and reasonable man, so that one conclusion may be fairly drawn therefrom,' then the trial court may and should direct a verdict in the defendant's favor because thereof."

Guided by the aforesaid standard, it is now our duty to determine whether appellant was guilty of contributory negligence as a matter of law. Much has already been said concerning the manner and way in which he went into the passageway between

the southernmost counter and the office for the purpose of inspecting the pans on the east wall. Appellee argues that appellant's action constituted negligence because of the following record:

"Q. Which way were you [appellant] looking when you went around the end of the [southernmost] counter there? A. I [appellant] was looking toward the east. Q. Were you looking toward anything in particular? A. Yes, I was looking at some stuff in front of me, some of them [those] pans. Q. As you went around there, you had your eyes on the pans? A. Yes. Q. And you kept them there, did you? A. Yes. Q. Until you fell? A. Fell in the cellar. Q. How high would you say those pans were above the level of your eyes? A. Not very much; just about like that.''

Without more, the record would be rather conclusive against the appellant; but, for an understanding of just what occurred, it is necessary to consider other portions of the record. For instance, as before indicated, appellant also said:

"The front of the desk was to my right. I could not see the floor or the steps as I went in. There was no light there.''

Indication is there made that the appellant did look, and could not see the step, although instantly thereafter he fixed his eyes on the pan. At least, a jury question was presented concerning whether appellant did, in fact, look. Again, appellant testified:

"I was not back of the counter. I fell in the cellar, but I didn't get back of the counter.''

Apparently, therefore, the steps were so near the line of travel through the passageway that an invitee using due care might slip and fall down the stairs. A jury question, in any event, again arose on this point. That body, under the record, would be justified, if they were so inclined, in holding that the appellant was not negligent in stepping off the aforesaid aisle or passageway into the cellar.

Under the facts and circumstances, if appellant was an invitee, he had a right to assume that appellee would not be negligent in furnishing a safe place for customers.

"* * * it is well settled that persons rightfully in a building may go about for the purpose for which they have been invited to enter, assuming that reasonable precautions have been taken for their safety, and are not bound to especially look for dangers the existence of which would imply negligence on the part of the owner." *Gardner v. Waterloo Cream Sep. Co.,* 134 Iowa 6 (local citation 10).

To the same effect, the Supreme Court of Pennsylvania, in *Bloomer v. Snellenburg,* 221 Pa. St. 25 (69 Atl. 1124), declared:

"Customers are invited into a store, and to walk along the aisles, where goods are displayed upon every hand for the very purpose of catching the eye and attracting the attention of those who use the passageways. It is not reasonable to expect that the same degree of attention shall be bestowed upon the placing of the feet, under such circumstances, as would properly be required outside upon the public highway."

Hence, in determining appellant's contributory negligence in the premises, there is to be considered in his favor the assumption mentioned in the foregoing cases. This does not mean, of course, that the appellant is not required to use due care for his own safety. He must use such care at all times. Yet, when determining appellant's contributory negligence, the assumption aforesaid must be taken into consideration; because the extent of observation and outlook required of him would vary according to the absence or presence of such right to rely upon the foregoing assumption. Undoubtedly, then, there are two reasons why the court could not direct a verdict against the appellant on the theory of his contributory negligence: First, because there is uncertainty concerning what he did in reference to looking and observing; and second, because "there may fairly be different opinions with respect to the result of his conduct." In view of all the facts and circumstances, therefore, and the law applicable to the situation, it cannot be said that the jury is not to pass upon appellant's negligence.

Wherefore, the judgment of the district court should be, and

hereby is, reversed.—*Reversed.*

MORLING, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.

EVANS, ALBERT, and GRIMM, JJ., dissent.

FAVILLE, J., took no part.