## Anna Sauter, Appellee, v. T. T. Hinde and J. C. Hinde, Appellants.

1. NEGLIGENCE, § 90*—*effect of contributory negligence.* A plaintiff who could reasonably, by the exercise of some act or precaution, have avoided an injury and failed to do so, cannot recover.

2. NEGLIGENCE, § 93*—*when contributorily negligent to advance in dark place.* Where a mature woman, unacquainted with a building, in visiting the office of a tenant on the second floor, mistakes a dark entrance to the basement as the desired entrance recklessly

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

puts her foot out without feeling if there was a riser in front of
her or lighting a match or doing any of those things which a
reasonably prudent person would do before proceeding too far, and
falls down into the basement, she is, as a matter of law, guilty
of such contributory negligence as will preclude a recovery against
the owner of the building.

3.  NEGLIGENCE, § 198*—*when contributory negligence is a matter
of law.*  Where there is no dispute about the facts concerning the
care and caution of a woman entering a dark entrance in a building
and the case rests solely upon her statements and the surrounding
circumstances, which are not in dispute as to whether she was
exercising such care, it is the duty of the court to determine as a
matter of law whether she was contributorily negligent.

4.  APPEAL AND ERROR, § 1699*—*when negligence as matter of law
is not waived.*  Where a motion of a defendant to direct a verdict
has been denied, the defendant submitting to the jury the deter-
mination as a question of fact whether plaintiff was contributorily
negligent does not waive his right to raise such question on appeal
as a matter of law.

Appeal from the Circuit Court of Madison county; the Hon.
GEORGE A. CROW, Judge, presiding. Heard in this court at the
October term, 1912. Reversed with finding of fact. Opinion filed
June 10, 1913.

WEBB & WEBB and D. G. WILLIAMSON, for appellants.

GEERS & GEERS, for appellee.

MR. PRESIDING JUSTICE McBRIDE delivered the opin-
ion of the court.

Judgment was rendered in the Circuit Court against
the defendants for twenty-five hundred dollars, to re-
verse which they prosecute this appeal.

The appellee, Anna Sauter, was a resident of Chi-
cago and had been on a visit with her son in Madison,
Illinois, for a few days when she was attacked with
the toothache and was directed by a neighbor to go to
one Doctor Barnfield, a dentist, who kept his office in
the second story of the Hinde building, Madison, Illi-
nois. She had ascertained from this neighbor that she
reached the doctor's office through a stairway and not
by an elevator. The Hinde building was located on

Sauter v. Hinde et al., 183 Ill. App. 413.

Madison avenue and to reach the building from where she was visiting she walked south on Madison avenue toward the Hinde building.  Before reaching the building she passed an open lot and from this point observed the sign of Doctor Barnfield on the window of his office, his office being lighted at that time; she proceeded on her journey south until she reached the northeast corner of the Hinde building; she was wholly unfamiliar with this building or its entrances, and the building entrances, as she says, were all dark. There were storeroom entrances, basement entrances and stairway entrances to this building.  She attempted to pass into the first entrance that she observed which proved·to be a storeroom and was closed.  She then proceeded south passing the basement entrance to another entrance or opening which also proved to be a storeroom and was closed.  This second entrance was probably from thirty to thirty-five feet south of the northeast corner of the building and was an entrance into a storeroom, which she also found closed and dark.  She then retraced her steps north the distance of about ten feet when she observed another entrance to the building which was also dark; she supposed this to be a stairway leading to the second floor.  She says there were no lights at any of these entrances and that it was dark and she was unable to observe the conditions when she approached them, but upon reaching the basement entrance she fancied she could see a stairway leading up and she says: "I stepped to the edge of the stairway, as I thought the stairway, and I fancied I could see the stairs leading up and I put my foot out and overbalanced myself and went down. I could not see anything over the stairway, there was no barrier, there was nothing at all, no light, it was just dark."

It further appears from the evidence that the entrance to the basement was upon a level with the sidewalk and about seventeen inches inside of the prop-

erty line and was without any guard and had at one time been used as a barber shop.

It further appears from the evidence that the stairway leading to the second floor was several feet further south and was reached through a door and was several feet in from the sidewalk. There were no lights in this part of the building and the only lights that were testified about were at each of the street crossings and about one hundred fifty feet or more from this building. The appellee, so far as is disclosed by the evidence, never saw this building before, had no idea of its arrangements or its approaches, or of the stairway leading to the upper floor. In falling she broke both of her arms, two fingers and was otherwise injured.

The declaration, after the formal parts, alleges that the defendants carelessly, negligently and wrongfully permitted the said entrance and stairway leading down through said opening and excavation into said basement from said sidewalk to be and remain then and there in an unsafe condition, in this, that the same was then and there uncovered, unprotected, unguarded, exposed and open, by reason whereof and on account of the negligence of the defendants as aforesaid the plaintiff who was then and there ignorant of said dangerous condition, and who was then and there in the exercise of due care and caution for her own safety, went upon said premises for the purpose of entering said second or upper story to visit said tenant of said defendants, mistook said entrance to said basement for the entrance to said second or upper story, and necessarily, unavoidably and unexpectedly stepped into such stairway leading down through said opening and excavation into said basement and was thereby then and there caused to fall down said stairway into said opening with great force and violence which resulted in an injury to the plaintiff, etc.

It is contended by counsel for appellants that the court erred during the progress of this trial in the

exclusion of evidence, in the giving of an improper instruction and in the overruling of appellants' motions to direct a verdict and for a new trial. It is also claimed that there was no evidence of negligence upon the part of the defendants proved in this case and that according to the testimony of the plaintiff herself she was, as a matter of law, not in the exercise of due care and caution for her own safety.

It is insisted by counsel for appellants with much force, that conceding the appellants rented the second story of its building to Doctor Barnfield for a dentist office, and that by reason thereof an invitation was extended to the public to visit his office, that it further appears appellants prepared a means or stairway through which such persons should visit this office and that because the plaintiff mistook the place of entrance and by such mistake undertook to pass into the basement that the appellants could not be held liable for such mistake; that she was only invited to the second story by an ample stairway and that she was not invited in any other manner; that this case is wholly different from that class of cases where a person is directed to proceed in a particular mode, accidently steps off into an excavation, jostled or knocked off the sidewalk into an excavation or by sudden peril to seek escape inadvertently steps or falls into such excavation; that the real cause of the injury was the mistake of appellee in selecting the place for approaching the doctor's office and not the negligence of appellants in the preparation of a safe approach. There is much force in this contention but it was as necessary for the appellee to prove that she was in the exercise of due care and caution for her own safety as to prove the negligence of the appellants, and waiving this contention as to such negligence, we are of the opinion that the appellee was not exercising reasonable care and caution for her own safety in attempting to reach Doctor Barnfield's office. There is no dispute about the facts concerning her care and caution

and the case rests solely upon her statements and the surrounding circumstances, that are not in dispute, as to whether she was exercising such care, and under such state of facts it becomes the duty of the court to determine as a matter of law as to whether she was in the exercise of such care. The appellee was wholly unacquainted with the building in question, the means provided for approaching that part of the building which she desired to visit and under such circumstances in the nighttime unaccompanied by any one acquainted with the premises approached the building, found it dark, unable to discover the entrance, first and secondly attempted an entrance through storeroom doors and found them closed and everything dark, then retraced her steps and without being able to see that it was a stairway, rushed, as we think, recklessly into danger without stopping and exploring the place, either by reaching down and feeling to see if it was a stairway, or carefully extending her foot to feel if there was a riser just in advance of her, or lighting a match or doing any of those things which a reasonably prudent person would do before proceeding too far, advanced to the opening without hesitating for more than one second, raised her foot as if to put it on the stairway, lost her balance and went down. If, owing to the darkness, she was unable to perceive that the place she was about to enter was a stairway then it seems to us only reasonable that she should have refused to proceed further until she determined with some degree of certainty the kind of a place she was about to enter. In her examination in chief she says: ''In Chicago the first stairway would be the stairway to go up and I stepped to the edge of the stairway and there was a store on the corner that was closed by the Sheriff, there was no light in the store and no light in the basement, and I stepped one foot out, I was sure that I felt, I was sure I was going up stairs. I could not see the stairway because it was quite dark and I put my foot out and lost my balance

and went down to the basement. I first discovered that there was a stairway leading to the basement instead of a stairway leading up when I went down. Well I stepped to the edge of the stairway, as I thought the stairway, and I fancied I could see the stairway leading up and I put my foot out and overbalanced myself and went down. I could not see anything over the stairway, there was no barrier, there was nothing at all, no light, it was just dark.'' And then on cross-examination she further says: ''I don't think I stopped any time before I went to reach my foot up, I just went there, reached my foot out, I stopped long enough to reach my foot out to see if I was sure; it may have taken a second or two, just long enough to reach my foot out and lose my balance.'' And in demonstrating it she further said: ''I just reached my foot out this way (indicating) as though I was going to reach up, you know, I held my foot up this way about a second and went down forward.'' She was of mature years, forty-nine years old, and it seems to us ought to have had discretion enough not to have hastily plunged into a place in the dark that she knew nothing about. It is said in the case of *Kammerer v. Gallagher,* 58 Ill. App. 561: ''From three o'clock in the afternoon until ten o'clock at night of the 8th day of September, 1891, the appellee spent the hours with a party of friends in the front room of the first story of one of the houses. He boarded there. He had never been up or down the steps, but had seen people going into, or coming out of the passage. At ten o'clock he wished to go to the rear of the premises without, for a sufficient reason, going through the house. Without any precaution he walked into the passage, which was dark, and by reason of some break in the steps, fell, and has recovered for the injuries alleged to have been sustained by the fall. The law of this State has, after a long deviation, returned and now holds 'as a condition to recovery by the plaintiff that the person injured be found to be in the ex-

ercise of ordinary care for his own safety. *L. S. & M. S. Ry. Co. v. Hessions,* 150 Ill. 546. Ordinary care is that care which a reasonable prudent and cautious man would take to avoid injury, under like circumstances. *C. & A. R. R. v. Adler,* 129 Ill. 335.' No prudent and cautious man, not escaping from danger, would in the night plunge into a dark passage way between dilapidated houses, either with knowledge that steps whose condition was unknown to him went down, or with no knowledge of what was there.'' It is said in Sherman & Redfield on Negligence, par. 188: ''But no one is exempt from the obligation of observing where he is going, especially in the parts of the premises not intended to general use to which he is not invited. In entering or leaving the building the visitor is bound to use the ordinary customary place of ingress and egress and if he adopts some other way he becomes a mere licensee and cannot recover for defects outside of or not substantially adjacent to the ordinary way.'' The case of *Piper v. New York Cent. & H. R. R. Co.,* 156 N. Y. 224, the Court said (p. 230): ''The plaintiff was guilty of contributory negligence, in utterly failing to use that prudence which was specially incumbent on him under the circumstances of the situation. The darkness called upon him to use it and had he done so, the accident could not, within any reasonable probability, have happened. A person, whose power of vision is temporarily obstructed by some supervening condition, should take the greater care and should, if it be possible, await its passing away. If he neglects to proceed cautiously, he must accept the consequences of his undue precipitation.''

The holding in the case last above cited was approved in the case of *Bentley & Gerwig v. Loverock,* 102 Ill. App. 166. It was also said in the case of *Bedell v. Berkey,* 76 Mich. 435: ''He then went to the middle door and opened it, and when he closed it he found himself in what he called a darkish room, not

altogether dark. He says: 'I saw a little light shining through here, ahead of me, just a dim light, and I walked up here, I saw this light, took it to be an opening between the door, between the two sections, the middle and the north sections. I turned to my right, and as I supposed, was going through into this department through a door, and I stepped into a hole.' * * * It was his business if he found it obscure to wait until his eyes got accustomed to the light before moving around at haphazard. * * * He is himself responsible for his own misfortune, and made out no case for redress.''

It is also said in the case of *Swift & Co. v. McInerny,* 90 Ill. App. 294: "It thus appears from appellee's own testimony that after dark, in a strange place, with a lantern in his hand unlighted, he took no notice of where he was going—did not look down to see whether there was a ladder or other means of safe egress—but walked directly out of a window which he knew was twenty feet or more from the ground, without taking any notice as to where he was going, and fell and was injured. That was certainly contributory negligence, and for that reason, if for no other, the law will not permit him to recover in this case.''

It is said by counsel for appellee that because appellant procured instructions submitting to the jury the determination as a question of fact whether or not appellee was in the exercise of due care and caution that they cannot on appeal raise the question of contributory negligence as a matter of law, and cites in support of that contention the case of *Chicago Terminal Transfer R. Co. v. Schmelling,* 197 Ill. 619. The doctrine laid down in this case has not been approved by the later decisions. In the case of *Illinois Cent. R. Co. v. Swift,* 213 Ill. 307, the Court says, that the procuring of instructions submitting to the jury the matter of due care and caution as a question of fact does not waive an exception that preserves this question

as one of law to be considered by the Appellate tribunal, and holds that so far as views expressed in the case of *Chicago Terminal Transfer R. Co. v. Schmelling, supra,* are inconsistent with the views herein expressed, that they were not necessary to the disposition of the question then before the court. And in a later case of *Wallner v. Chicago Consol. Traction Co.,* 245 Ill. 148, the Court holds that a defendant does not waive its right to question the sufficiency of the evidence to constitute due care as a matter of law by submitting instructions upon such to the jury where there has been an adverse ruling by the trial court in a motion to direct a verdict, which was made in this case. Numerous other authorities might be cited in support of the proposition herein announced, but it is sufficient to say that it is the universal rule that where a plaintiff could reasonably, by the exercise of some act or precaution, have avoided the injury and failed to do so that they cannot recover.

While we realize that it was an unfortunate mishap to the appellee and that she has by reason thereof been somewhat injured and has incurred considerable expense, yet we do feel that she could by the exercise of a reasonable degree of care have avoided the accident.

We are of the opinion that the plaintiff was not in the exercise of reasonable care and caution for her own safety at the time she was injured and for that reason she is not entitled to recover in this suit, and the judgment of the lower court is reversed.

*Reversed with finding of fact.*

The Court finds as a matter of fact that the plaintiff was not, at the time of her injury, in the exercise of due care and caution for her own safety.