Juanita Wells, Appellant, v. Louis Wise, Appellee.

Gen. No. 39,834.

Opinion filed January 11, 1939. Rehearing denied February 6, 1939.

254

HARRIS B. GAINES and FLEETWOOD M. McCOY, both of Chicago, for appellant.

JESSE MARCUS, of Chicago, for appellee.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

Plaintiff brings this appeal from a judgment entered in the circuit court, notwithstanding the verdict of a jury who fixed the plaintiff's damages at $6,500 because of injuries received. This verdict was set aside and the court entered judgment for defendant.

There have been two trials in this case. The first trial also resulted in a verdict in favor of plaintiff, which was set aside by the court. At the conclusion of the second trial plaintiff by leave of court filed an amended complaint containing three counts. At the conclusion of plaintiff's testimony, the defendant made separate motions for an instruction of not guilty as to each count; defendant made the same motion as to each count at the conclusion of all the evidence offered in this case. After the jury returned a verdict for plaintiff, the defendant filed a written motion for a new trial and a separate written motion for judgment, notwithstanding the verdict. The last motion was sustained by the trial court.

Plaintiff contends that the alleged injuries which she sustained were caused by defendant's negligence in permitting the rear stairway in the building owned by defendant to remain in a defective condition; that while plaintiff was walking on said stairs the banister which was used as a protective guard gave way because of the decayed condition of the wood of which it was constructed and as a consequence plaintiff was thrown to the ground and suffered the injuries of which she complains; that plaintiff and her husband occupied an apartment on the second floor in said building which her husband had rented from the de-

fendant and that the stairway leading to their apartment was at all times under the control of the defendant who was under the duty to keep the same in safe repair; that this failure to make the necessary repairs with regard to this defective banister, which defect defendant knew existed, or by the exercise of due care should have known existed, constituted actionable negligence.

Plaintiff further contends that there was an agreement on the part of the defendant-landlord, in consideration of the renting of the apartment by plaintiff's husband, to keep the premises in good and safe repair and his failure to do so, resulting in injury to plaintiff, also constitutes actionable negligence; that there existed a month to month tenancy and that all lettings of said premises subsequent to the existence of said defect constitute letting the premises in a defective condition; that the defendant attempted to repair the defect in question, but was negligent in so doing and such negligence resulted in plaintiff's injury.

Defendant contends that there was no agreement to repair, but that the plaintiff was obligated to keep in repair all portions of the premises occupied and used by her; that the defendant did not know of the existence of the defect in question nor by the exercise of reasonable care could have known same and therefore is not chargeable with having let the premises in a defective condition; that part of the stairway on which the accident occurred was not a part of the common way but was under the exclusive control of plaintiff; that he inspected the premises from time to time for defects, including the stairway in question, but found none; that if any liability attaches to defendant it would be *ex contractu* rather than in tort.

No question is raised as to the sufficiency of the pleadings which we consider controlling.

It appears from the evidence that the building in question is a two-story building, consisting of a "basement, a second floor and a third floor"; that the plaintiff lived with her husband on the top floor of said building; that the building has a front stairway and a back stairway and there are porches in the rear and that access to plaintiff's apartment could be had either by means of the front or back stairs.

The evidence further shows that in May, 1934, one of the banisters was broken and was hanging off to one side and one of the witnesses stated that she noticed this banister which led down from the top floor of the building was broken and that it was so rotten around the nail holes that it would not stay in place. She further testified that she tried to push it back in place and notified the janitor, with whose family she lived, of its condition. She further testified that she showed the apartment to plaintiff at the time plaintiff came to rent it. Other witnesses gave similar testimony with regard to the condition of the banister.

The evidence further shows that the stairs in question were used by the janitor when he would dispose of the garbage and that he used to sweep off the back porches and stairs when they would be covered with snow; that when the owner of the building visited the premises he would use either the front stairway or the back stairway; that the owner had instructed the janitor to take out the storm doors and put in the screens.

The evidence further shows that the banister was in a decayed condition for a couple of months prior to the time of the accident and that the janitor was notified thereof; that many persons used the stairway and approaches when entering and going out of said building.

Photographs of the back stairs, which were introduced in evidence by agreement, show the usual back

stair entrance to a flat building, but one portion of the railing appears to be missing.

According to the testimony of the doctor who examined plaintiff, she suffered limitation of motion in her left hip where there was considerable swelling; that there was a shortening of the left lower extremity, some limitation of motion in the left shoulder with evidence of pain in that location and especially in the left hip, nervousness and evidence of suffering; that as to locomotion there was a limp, some eversion or turning out of the left foot, whereby the status of that extremity was impaired, the leg was somewhat out of line and made walking awkward and difficult; that she walked with the aid of a cane; there was also evidence of a fracture; that he advised a form of electrical treatment, diathermy; that plaintiff was treated twice a week from August, 1935, until January, 1936, and that in February her treatments began again at intervals of twice monthly up to the time of the trial; that plaintiff in addition had a fracture of the upper shaft of the left thigh bone; a fracture also of the left shoulder blade and also a fracture of the upper part of the hip bone; that plaintiff is permanently disabled and her condition will not get any better.

Plaintiff when testifying about her injuries stated that she was in the hospital 71 days and in traction 54 days at which time they put weights on her leg and put it in a steel brace; that she now has bladder trouble; that when she was taken home from the hospital she remained in bed from September to January and that she continuously suffers pain.

Defendant denies that at the time he rented the premises he stated that the same was in perfect condition and that he promised to keep it in a perfect condition.

The rule pertaining to the liability of a landlord is well stated in the case of *Smith v. Morrow,* 230 Ill. App. 382, 387, wherein the court said:

''The law is well settled in this State that a landlord who rents different parts of a building to various tenants and maintains control of the porches, stairs, porchways, hallways or other means of approach to the several portions of the building for the common use of his tenants, has resting on him the duty to use reasonable care to keep the premises in a reasonably safe condition, and he is liable for an injury which results to persons lawfully in such building from his failure to perform such duty. . . . When a porch is used in common by two tenants, the landlord is required to keep up the repairs thereon for the reason that it is not in the exclusive possession of either tenant.''

In the case of *Payne v. Irvin,* 144 Ill. 482, where the question was raised as to the responsibility of a landlord to keep in repair those portions of the premises that he reserved in his control, the court at page 488, said: ''There was no renting of the sign-board, or of the roof of the building, or any agreement on the part of the tenants to keep the same in repair. As before said, the landlord during the entire term and from year to year, exercised control over and took charge of the repairs upon the outside of the building. The landlord was not, therefore, exonerated from responsibility to keep in reasonably safe and secure condition, that portion of the building over which he retained control; and we think the duty devolved upon him to keep the sign-board, in question, in such condition and state of repair. The landlord, as to that portion of the building, and appurtenances, over which he retains control, must be held to also retain the responsibility to keep the same in reasonable repair in respect of all persons, including the tenants of the building.''

Where premises are rented in a bad state of repair, the landlord is liable for injuries caused thereby and it is his duty to use reasonable care to keep such prem-

ises in a reasonably safe condition. In the instant case, as shown by the evidence, this matter was discussed by the lessor and lessee at the time of rental, the landlord saying the premises were in perfect condition, and it was agreed by the landlord that he would keep the premises in such good repair.

Defendant argues that plaintiff could not recover on any of the charges as made in various counts of the complaint. These complaints were not tested by a motion to strike and their sufficiency cannot be raised for the first time in this court. A cause of action even though imperfectly stated in the complaint is cured by the verdict and cannot be raised later.

Chapter 110, sec. 42, par. 166, p. 2393, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 104.042], Civil Practice Act, provides: "(3) All defects in pleadings, either in form or substance, not objected to in the trial court, shall be deemed to be waived."

We think the evidence in this case quite clearly shows that the stairway in the building in question was in a bad state of repair at the time the premises were rented; that the said stairway was intended to be and in fact was for the common use of all the tenants in the building and the owner and visitors as well, and that said stairway was not intended for plaintiff's exclusive use.

We think the court erred in entering a judgment which was contrary to the verdict of the jury. The rule in relation to what action a court should take when a motion is made to enter a judgment notwithstanding the verdict of a jury, is not unlike the rule which applies when a motion is made to direct a verdict at the conclusion of all the evidence.

As was said in the case of *Molloy v. Chicago Rapid Transit Co.*, 335 Ill. 164:

"Where there is a motion to direct a verdict for the defendant in an action for negligence the evidence

most favorable to the plaintiff must be taken as true and all that the evidence tends to prove and all just inferences to be drawn from it must be conceded, and if it fairly tends to support the allegations of the declaration the motion should be denied and the case be submitted to the jury. . . .

"Questions as to what is the proximate cause of an injury, as to contributory negligence, as to the credibility of the witnesses, the weight of the testimony and the inferences to be drawn from the facts proved, are ordinarily all questions for the jury to pass upon and not for the court to decide."

In the instant case the evidence shows that a landlord, prior to the leasing of certain premises, promised to keep the same in good repair, asserting that said premises were in perfect condition at the time he leased them. Proof was made that said premises were not in good repair as represented; that part of the premises, a stairway and porch were for the common use of other tenants or persons who desired to enter the building; that there were latent defects in the stairway railings; and that plaintiff was in the exercise of reasonable care for her own safety. All these facts were presented to the jury for consideration and the trial judge should not have substituted his judgment for that of the jury.

It is only when the plaintiff's proof is so insufficient and meager and plaintiff has failed to prove material facts which are necessary to sustain the cause of action, that it becomes, as a matter of law, the duty of the court to find in favor of the defendant notwithstanding the verdict of the jury. Even when the plaintiff's case is a mixed question of law and of fact, it should be left to the consideration of the jury under proper instructions.

In the instant case the matter had been submitted to the jury on two different occasions and in both instances verdicts were returned in favor of plaintiff.

The injuries which plaintiff sustained as shown by the evidence are grievous. Plaintiff has been permanently injured and will remain a cripple for the rest of her life.

No complaint is made as to the admission of evidence or the instructions and we believe a fair trial was had.

We can see no advantage in remanding the cause for a new trial as we do not think the verdict for $6,500 which was awarded plaintiff is excessive, in view of the injuries which she sustained, and we think the verdict was justified and should stand. The only error which in our opinion was committed was that the trial judge substituted his judgment for that of the jury.

For the reasons herein given the judgment of the trial court in favor of defendant is hereby reversed and judgment is entered here on the verdict of the jury for the sum of $6,500 and costs in favor of plaintiff.

*Judgment reversed and judgment here for plaintiff $6,500 and costs.*

HALL, P. J., and HEBEL, J., concur.