**Hartha De Lia et al., Appellants, v. Clarence A. Toolen et al. John Joseph Marshall, Appellee.**

**Gen. No. 41,320.**

Opinion filed December 23, 1940. Rehearing denied January 6, 1941.

JOSEPH M. SCHACHNER and HENRY SHABSIN, both of Chicago, for appellants.

CLARENCE A. TOOLEN, of Chicago, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Plaintiffs filed a complaint alleging they were the owners of certain bonds of an issue secured by a trust deed conveying real estate; that defendants John Joseph Marshall and others planned to cheat and defraud them, and they asked for certain relief.

Defendant Marshall filed a counterclaim asking that plaintiffs be permanently enjoined from commencing any suits against him to enforce the collection of any of the aforesaid bonds and from interfering with his peaceable possession of the premises described in the trust deed. The trial court entered a decree in accordance with the prayer of the counterclaim, and plaintiffs appeal from this.

Plaintiffs filed a number of complaints, the first on April 19, 1938. Plaintiffs asked for a change of venue from Judge KLARKOWSKI, which was granted; the cause was reassigned to Judge DUNNE; on motion of defendants the first complaint was stricken; an amended complaint was filed July 18, 1938, and again on motion this was stricken, and a third amended complaint was filed July 3, 1939. Defendant Marshall filed his answer denying any wrongdoing. When the cause came

on for hearing plaintiffs asked for a change of venue from Judge DUNNE, which was denied, and they were ordered to proceed to trial, which they refused to do.

Marshall was thereupon ordered to proceed with proof of his counterclaim, and evidence was heard which showed he was the owner of the premises described in the complaint; that in March, 1917, he had executed a lease of them to Frank A. Carelin and George A. Manos for 99 years, which lease was recorded in the recorder's office of Cook county; that subsequently by mesne conveyances, Gustav Tatter and Suzanna Tatter, his wife, acquired the interest of the lessees in the lease; that April 15, 1923, the Tatters executed a trust deed conveying their interest in the leasehold to the Chicago Title & Trust Co., as trustee, to secure first mortgage bonds for $65,000.

Subsequently the Forest Park Transfer Block Building Corporation acquired the interest of the Tatters in the leasehold estate; that there were various defaults in the terms of the lease, which was terminated by Marshall; suit for possession was instituted by him in the superior court of Cook county and he had judgment; that he obtained possession of the premises October 20, 1937; that shortly thereafter Marshall took possession of the premises and has been in possession ever since. The court found that the premises had been forfeited to the State of Illinois for the nonpayment of special assessments and Marshall had redeemed the premises by paying all special assessments, aggregating over $2,000, together with the general taxes for five years, aggregating over $5,000. The decree also found that none of the plaintiffs had offered to repay any of these sums or any part thereof to Marshall.

Plaintiffs' third amended complaint alleged in general terms that the interest of Carelin and Manos in the leasehold was acquired by Basil Maxant and de-

siring to avoid any personal liability, Maxant had the lease assigned to the Tatters, who subsequently executed the trust deed securing the mortgage loan of $65,000. Plaintiffs asserted they owned $4,500 of these bonds; that in furtherance of Maxant's plan to cheat and defraud plaintiffs, he entered into an agreement with Marshall and Clarence A. Toolen, his agent, whereby the lease was to be terminated by reason of default in the payment of the taxes, and that in pursuance of this scheme Marshall instituted a forcible entry and detainer suit in the superior court and obtained judgment for possession.

The record justified the conclusion of the trial court that plaintiffs were engaged in useless and vexatious litigation. When called upon to prove their charges they refused to proceed to a hearing. Under these circumstances the only thing the court could do was to take evidence upon the counterclaim, which justified the injunctional order against plaintiffs. Plaintiffs did not produce any evidence in opposition.

Plaintiffs argue that the counterclaim stated no cause of action. They made no motion to strike this or to question its sufficiency. This point, therefore, cannot be raised in this court for the first time. *Addante v. Pompilio,* 303 Ill. App. 172; *Toman v. Park Castles Apt. Bldg. Corp.,* 303 Ill. App. 205; *Grau v. Travelers Ins. Co. of Hartford, Conn.,* 303 Ill. App. 212; *Wells v. Wise,* 298 Ill. App. 252, and Professor Millar, 28 Ill. Law Review, 460, 463. Chapter 110, § 42, par. 166, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 104.042], provides that defects in pleadings in form or substance not objected to in the trial court shall be deemed to be waived.

The counterclaim informed plaintiffs that Marshall had established his right to possession of the premises by the judgment in the forcible detainer suit, and the evidence supported the averment that the proceedings by plaintiffs were calculated to cause him loss and in-

jury. Under such circumstances the court had juris-diction to enjoin this useless and vexatious litigation. *Pratt v. Kendig,* 128 Ill. 293, 298.

Other technical points are made by plaintiffs but they are without merit. The injunctional order was proper and is affirmed.

*Order affirmed.*

O'Connor, P. J., and Matchett, J., concur.