Mabel T. Hart, Administratrix of Estate of Robert S. Hart, Deceased, Appellant, v. William F. Sullivan, Appellee.

Gen. No. 43,110.

 Opinion
filed December 11, 1944. Released for publication December 27, 1944.

AIKEN, McCURRY, BENNETT & CLEARY, of Chicago, for appellant; CHARLES R. AIKEN, of Chicago, of counsel.

ERWIN W. ROEMER, of Chicago, for appellee; GARDNER, CARTON & DOUGLAS and JAMES A. VELDE, all of Chicago, of counsel.

MR. PRESIDING JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff, administratrix of the estate of her deceased husband, appeals from a judgment entered upon a verdict directed for the defendant at the close of plaintiff's evidence in an action for the wrongful death of the deceased.

Joseph Donati, a tenant, lived with his family on the third floor of defendant's building; the second floor was occupied as living quarters by another tenant; the first floor was used commercially; access to Donati's flat was through a door at the street level into a small hall, then to the west, up a flight of stairs consisting of 12 or more steps to the first landing, then to the right or north up 4 or 5 steps to the entrance to the quarters on the second floor, then to the east up a stairway to the third floor; across the first landing to the west was a door opening on a stairway running downward to the west, into the basement; the only light in the hall, along the stairs or upon the landing, was a small electric light at the entrance to the second flat which was controlled from the inside of that flat. One evening, around 10 o'clock, plaintiff and deceased while walking in the vicinity of the building were accosted by Guido Paoletti, whom they had known for a number of years; he asked for the address of Donati; being unable to tell exactly where Donati lived, the deceased

and plaintiff took Paoletti to the building; they entered the unlighted hallway from the street and, lighting a match, found Donati's name on the mail box; Paoletti lighted another match and deceased started up the stairs, followed by Paoletti and plaintiff; the match was extinguished before deceased reached the first landing; it was pitch dark—so dark you couldn't see; they continued up the stairs in the darkness, hugging the bannister on the right; on reaching the landing deceased stepped across, pushed open the door to the west and fell down the stairway leading to the basement, receiving injuries from which he died about 10 days later.

The only negligence charged against the defendant is his failure to keep and maintain the passageway, halls, stairways, steps, landings, etc., safely and properly lighted, and in permitting and allowing them to be and remain dark and insufficiently lighted. In directing the verdict for the defendant the court placed his ruling upon two grounds: "First, that it believes the deceased was a mere licensee at the time of the accident and, second, that even if he, were not and were an invitee, he was guilty of contributory negligence amounting to practically gross negligence."

Plaintiff contends that the determination of these questions was for the jury, and acquiesces in defendant's position that if the deceased was a mere licensee and was not an invitee on defendant's premises the only duty owed to plaintiff was not to injure deceased wilfully or wantonly. There is no charge of wilfulness or wantonness against defendant. In *Milauskis v. Terminal Ry. Ass'n of St. Louis,* 286 Ill. 547, 555, the court said: "If a person is upon the premises of the owner by an invitation, expressed or implied, and not by mere permission, then such owner owes him a duty to exercise ordinary care to keep the premises in a reasonably safe condition. (*Purtell v. Philadelphia Coal Co.,* 256 Ill. 110.) 'To come under an implied in-

vitation as distinguished from a mere license, the visitor must come for a purpose connected with the business in which the occupant is engaged or which he permits to be carried on there. There must be at least some mutuality of interest in the subject to which the visitor's business relates, although the particular thing which is the object of the visit may not be for the benefit of the occupant.' ''

The duty which a landlord owes to a business invitee extends also to those who have lawful occasion to visit the tenant for social purposes. 32 Am. Jur., Landlord and Tenant, § 691, page 568; *Reardon v. Shimelman,* 102 Conn. 383, 386; *Gallagher v. Murphy,* 221 Mass. 363; *Coupe v. Platt,* 172 Mass. 458. The burden of proving that deceased was upon the premises as an invitee rested upon plaintiff. In passing upon the right of the trial court to direct a verdict at the close of plaintiff's case this court cannot weigh the testimony but must consider plaintiff's evidence in its aspect most favorable to her. *Blumb v. Getz,* 366 Ill. 273. The only purpose of plaintiff and deceased in entering defendant's premises was to show or take Paoletti to Donati's living quarters. The record is absolutely silent as to the purpose of Paoletti in seeking to visit Donati. Donati and Paoletti were waiters. So were deceased and plaintiff. Beyond the several statements of Donati that at the time of the accident as well as at the time of the trial he knew Paoletti by the name of Guido but did not know his last name, there is nothing in the record to indicate the relationship between Donati and Paoletti. Beyond acquaintance for a number of years, there is nothing to show the relationship between Donati and plaintiff and the deceased. That Donati did not expect anyone to call upon him that evening is evidenced by the fact that he had retired for the night when the accident occurred. Paoletti and Donati were called as witnesses by the plaintiff. Neither of them was asked any question tending to throw

any light upon the nature of Paoletti's proposed visit to Donati. There were no facts before the court from which any inference could be drawn as to the nature of this visit. As already stated, the burden of proving plaintiff to be an invitee rather than a licensee rested upon plaintiff, and in the absence of any evidence tending to prove that point the court properly directed a verdict.

It is not shown by the evidence that plaintiff or deceased had ever been upon defendant's premises before. Without familiarity with the premises and without any urgent necessity to do so, deceased persisted in ascending the steps, crossing the first landing and advancing through the door to the west in utter darkness. Such conduct has been held to be contributory negligence as a matter of law. *Bentley & Gerwig v. Loverock*, 102 Ill. App. 166, 171; *Sauter v. Hinde*, 183 Ill. App. 413; *Swanson v. Peter Schoenhofen Brewing Co.*, 215 Ill. App. 185; *Wesbrock v. Colby, Inc.*, 315 Ill. App. 494; *Brugher v. Buchtenkirch*, 167 N. Y. 153.

The judgment is affirmed.

*Affirmed.*

MATCHETT, J., concurs.

O'CONNOR, J., specially concurring: I am unable to agree with the statement in the opinion that the deceased was guilty of contributory negligence as a matter of law. It has long been settled law of this state, that the landlord, who rents various parts of a building to tenants and maintains control of stairs, hallways, etc., or other means of approach to the several parts of the building for the common use of the tenants, has the duty to use reasonable care to keep the premises in a reasonably safe condition. *The B. Shoninger Co. v. Mann*, 219 Ill. 242; *Mueller v. Phelps*, 252 Ill. 630; *Wells v. Wise*, 298 Ill. App. 252; *Murphy v. Brichler*, 305 Ill. App. 6. It has also been held that "The rule that a landlord, at common law, is not under obligation to keep lighted hallways and

stairways, reserved by him for use of tenants, does not apply where, owing to some unusual construction of a hallway or passageway, a light is necessary to render it reasonably safe to persons lawfully using it." 25 A. L. R. p. 1314, citing *Brugher v. Buchtenkirch,* 29 App. Div. 342, 51 N. Y. Supp. 464. This same rule is stated in 32 Amer. Juris. § 701, p. 576. It is there said: "The common-law liability of a landlord for the safe condition of approaches to, and the stairs and hallways in, premises used in common by different tenants, does not ordinarily require him to keep the ordinary halls and stairways lighted, and hence he is not ordinarily liable for injuries received by reason of the unlighted condition of this portion of the premises. However, if the construction of a stairway is such as to require artificial light, even in ordinary times, in order to make the use of the hall and stairway safe, the landlord may be held liable for negligence in failing to keep it lighted."

It has often been stated by this and some other courts that where there is no dispute in the evidence, the question is one of law for the court to decide. And in *Sauter v. Hinde,* 183 Ill. App. 413, cited in the opinion, the court said: "There is no dispute about the facts concerning her care and caution and the case rests solely upon her statements and the surrounding circumstances, that are not in dispute, as to whether she was exercising such care, and under such state of facts it becomes the duty of the court to determine as a matter of law as to whether she was in the exercise of such care." And in *Costello v. Farmers' Bank of Golden Valley,* 34 N. D. 131, 157 N. W. 982, the Supreme Court of North Dakota said: "While the question of contributory negligence is usually one of fact for the jury, yet where—as in the case at bar—the facts are not in dispute it becomes a pure question of law for the court." There is no such orthodox rule. The language quoted from the two cases would be a correct state-

ment of the law if but one reasonable conclusion could be drawn from the undisputed evidence. But where different conclusions might reasonably be drawn from the undisputed evidence, the question is one for the jury and not one of law for the court.

In the instant case I am of opinion that two reasonable conclusions could be drawn from the undisputed evidence—one to the effect that the deceased was guilty of contributory negligence and another that he was not. But it was for the jury to draw the conclusions. *Chicago & N. W. Ry. Co. v. Hansen,* 166 Ill. 623; *Best v. District of Columbia,* 291 U. S. 411; *Plodzien v. Segool,* 314 Ill. App. 40; *Turner v. Cummings,* 319 Ill. App. 225, and other authorities there cited.

In the *Hansen* case, Mr. Justice CARTWRIGHT, in delivering the opinion of the court in discussing the question of negligence said: "If there is no fixed rule of law applicable to all cases, yet the question of negligence in each particular case may become a question of law and come within the province of the court, so that a particular verdict may be directed, if the evidence in the case is such that all reasonable men would be agreed in their conclusion from it. Where the facts are such that reasonable men of fair intelligence may draw different conclusions, the question of negligence must be submitted to the jury; but if the court can say that but one reasonable inference can be drawn from the facts, the court should act accordingly," citing a number of Illinois cases.