BERNICE OLSEN, Plaintiff-Appellant, *v.* CHICAGO DOCK & CANAL COMPANY *et al.*, Defendants-Appellees.

(No. 55166;

First District—May 18, 1972.

Fohrman, Lurie, Holstein, Sklar & Cottle, of Chicago, (Robert A. Holstein and Paul M. Lurie, of counsel,) for appellant.

David J. Gibbons and Peter R. Sonderby, both of Chicago, (Chadwell, Keck, Kayser & Ruggles, of counsel,) for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff brought this action to recover damages for injuries sustained in a building owned by defendant, Kraft Foods. The building was located on land owned by Chicago Dock & Canal Company. The latter company was not served with summons, and was dismissed prior to trial. At trial, the court granted defendant's motion for a directed verdict at the close of plaintiff's case, and entered judgment on the verdict. The trial court found that plaintiff's legal status on the premises was as a licensee, and further held that, since she had not established that defendant had acted wilfully and wantonly in injuring her, there could be no liability. On appeal, plaintiff contends that the evidence established plaintiff's legal status on the premises as an invitee, and that she thus was owed a duty of reasonable care. The pertinent facts are as follows.

Plaintiff was employed by Fischer Packing Service Corporation at the time of her injury. This company occupied space on the third floor of defendant's building. The space formerly had been used by defendant until all production facilities were moved out of Chicago. Defendant then permitted the Fischer Corporation headed by Guy Fischer, a former Kraft executive, to use the vacant space, rent-free. Frank Fischer, com-

pany secretary and Guy's son, testified that defendant gave them use of the space as a "token of friendship due to my father's long standing term of service with the Kraft Company." Fischer was permitted free use of the space until defendant needed the space for additional offices.

Prior to defendant's relocation of its production facilities, plaintiff had worked for defendant as a laboratory analyst in the third floor production area for nine years. She then began doing clerical work for Fischer. Fischer was in the business of selling labels and other packaging material to many companies, including defendant. In his opening statement, however, counsel for plaintiff stated that Fischer Corporation "had nothing to do with Kraft."

When defendant moved its production facilities, all of the equipment was dismantled and removed. There remained some large pipes and bolts which protruded one or two inches from the floor of the former production area. The third floor drinking fountain was located in the middle of this area.

Plaintiff sustained the injuries in question when, in the process of getting a drink of water, she tripped on one of the protruding bolts and fell against the drinking fountain. In order to reach the fountain, plaintiff cut across the production area rather than use the marked, unobstructed passageways bordering the room. Plaintiff testified that she was aware of the protrusions and had tripped before in that area.

The drinking fountain was the only one on the third floor. However, water was available in the cafeteria and rest rooms on the floor. There were well-lighted and clearly marked passageways to both the cafeteria and rest rooms which ran through the former production area. There also was an unobstructed passageway to the drinking fountain.

On the basis of the evidence, the trial court held that, as a matter of law, plaintiff was a licensee, and that defendant had a duty only to refrain from wilfully and wantonly injuring her. We agree with that holding.

The status of a party seeking recovery for injuries sustained on the property of another must be established in order to determine the standard of care owed by the owner of the premises. If the injured party is an invitee, the owner must use reasonable care and caution in keeping the premises reasonably safe; the only duty owed by the owner of the premises to a licensee is to refrain from wanton and wilful injury. (*Ellguth v. Blackstone Hotel, Inc.*, 408 Ill. 343, 97 N.E.2d 290.) Further, where the injured party is an employee of one occupying space, the employee's status is determined with reference to the status of the employer. The landlord has the same duty with respect to the injured em-

ployee as it would have if the employer had been the party injured. *Shields v. J. H. Dole Co.,* 186 Ill.App. 250.

■■ In the instant case, Fischer was permitted to use space in defendant's building until such time as defendant needed the space for its own use. Fischer paid no rent; indeed, the arrangement was based solely upon defendant's friendship with Guy Fischer. Since the privilege to occupy the space was personal to Mr. Fischer, revocable at the will of defendant, and carrying no interest in the property, Fischer Corporation was a licensee. (*South Center Dept. Store v. South Parkway Building Corp.,* 19 Ill.App.2d 61, 153 N.E.2d 241.) Since plaintiff's employer was a licensee with respect to defendant, plaintiff was also a licensee. *Soibel v. Oconto Co.,* 299 Ill.App. 518, 20 N.E.2d 309.

Plaintiff urges this court, however, to find that she was on the defendant's premises as an implied invitee. She bases this contention upon the fact that defendant was one of Fischer's customers in purchasing labels.

■■ In order to qualify as an implied invitee, as opposed to a mere licensee, the party injured must come to the premises for a purpose connected with the business in which the owner or occupant is interested. (*Hart v. Sullivan,* 324 Ill.App. 243, 58 N.E.2d 301.) The question to be asked in each case is whether the injured party went upon the premises of another by implied invitation to transact business in which the parties are mutually interested. (*Ellguth v. Blackstone Hotel, Inc., supra.*) Although the owner of the premises need not benefit from the particular visit in which plaintiff was injured, there must be some mutuality of interest. *Jones v. 20 North Wacker Drive Bldg. Corp.* 332 Ill.App. 382, 75 N.E.2d 400.

In applying the foregoing principles, it is clear that the instant plaintiff cannot claim status as an implied invitee. At trial, plaintiff conceded that there was no connection between defendant and plaintiff's employer. Indeed, her employer explained that Fischer was permitted rent-free use of a portion of the premises not because of a business relationship, but because of defendant's friendship with the head of the Fischer company. The mere fact that defendant was one of an indeterminate number of Fischer's customers in the purchase of labels did not affect plaintiff's status on the premises. There was no mutuality of interest between the parties to this suit as a result of plaintiff's presence on the premises, and the trial court correctly determined that plaintiff was not an invitee.

Citing *Bremer v. Lake Erie & W. R.R. Co.,* 318 Ill. 11, 148 N.E. 862, plaintiff's final argument is that, even if she be considered a licensee, defendant had the duty, because of the dangerous condition of the pro-

duction area, to use ordinary care to avoid injuring her. However, the *Bremer* case itself holds that the rule does not apply when the dangers are as well known to the licensee as to the owner. Plaintiff admittedly was well aware of the condition of the premises, and the risk, if any, involved.

The trial court correctly found that plaintiff was a licensee on the premises. Since there was no allegation that defendant acted wilfully and wantonly to injure plaintiff, the court properly directed a verdict for defendant.

In urging affirmance, defendant has also contended that plaintiff, as a matter of law, was guilty of contributory negligence. In view of our holding, it is unnecessary to consider that point.

Judgment affirmed.

McGLOON, P. J., and DEMPSEY, J., concur.